On Motion to Dismiss the Appeal.
O’NIELL, C. J.
This is an appeal from a judgment recognizing the three appellees, namely, Mrs. Nellie. Gorman Mix, Mrs. Susie Gorman Breitkreutz, and Eugene Gorman, to be the coheirs, with the defendant and appellant, Mrs. Octavia Braud Collongues, of the deceased, Sidney Achee Braud, and, as such, the owners of three-eighths of his estate. Mrs. Octavia Braud Collongues, defendant and appellant in the proceeding, claims that she is the only heir of the deceased, and that she is therefore entitled to the whole estate. She was the administratrix of the estate; and the proceeding brought by the alleged coheirs was brought against her “individually and as administratrix.”
The appellees contend, in their motion to dismiss the appeal, that Mrs. Octavia Braud Collongues appealed only in her capacity as administratrix, and not in her own or individual right; and hence they move to dismiss the appeal on the grounds: (1) That an administrator has no interest in appealing, and therefore no right to appeal, from a judgment fixing the -relative interests of the coheirs of a succession; (2) that Mrs. Collongues did not furnish an appeal bond in her capacity as administratrix; and (3) that Mrs. *414 Collongues, who is a necessary party to the proceeding, and who is not before the court as an appellant in her own or individual right, was not cited to appear as an appellee in her own or individual right.
The question whether Mrs. Collongues had the right to appeal in her capacity as administratrix, on behalf of the succession, need not be considered, and it is also not important that she was not cited as an appellee, if we find that she obtained and perfected an appeal in her own or individual right; for it is conceded that she, individually, had an interest in appealing, and therefore had the right to appeal from the decision rendered against her.
Our opinion is that Mrs. Collongues is before the court as an appellant in her own or individual right. It is true that her motion for an appeal, in the district court, was in these words: “On motion of Mrs. Octavia Braud Collongues,0 administratrix of the above entitled and numbered cause, and defendant in rule,” etc. But in fact she was a defendant in the rule, in her personal or individual capacity, as well as in her capacity as administratrix; and the title which she applied to herself in her motion for the appeal may well be regarded merely as describing the individual — particularly as she was not interested in appealing except in her own or individual right — and more particularly because the motion for an appeal was signed by Mrs. Octavia Braud Collongues, without her title of administratrix. The appeal bond furnished by Mrs. Collongues also shows that it was intended to bind her individually, notwithstanding, in one place in the bond, she is described as “Mrs. Octavea B. Collongues, administratrix of the above entitled succession” ; for the instrument begins with the expression “Know all men by these presents that we, Sirs. Octavia B. Collongues as principal and the Globe Indemnity Co. as surety, are held and firmly bound,” etc., and the bond is signed by Mrs. Octavia Braud Collongues, without the title of administratrix.
An appropriate decision on the subject is found in Bisland v. Provosty, 14 La. Ann. 169. The defendant, Provosty, who appealed from the judgment of the district court, was the syndic of an insolvent estate; and the question presented was whether he had appealed only as syndic or also in his individual capacity. The ruling was that Provosty had appealed in his individual capacity, notwithstanding he was described as “Syndic” in one place in his motion for an appeal and in the appeal bond. Chief Justice Merrick, for the court,, said:
“As the mention of A. Provosty in the bond and motion for appeal may be construed to mean either capacity, and the addition of syndic in one part of the bond and its omission in another may be regarded as a descriptio personae, we think in the absence of any phrase excluding the idea of an appeal in his individual capacity, that it may be held that the defendant intended to bring himself before us in such capacities as should be necessary to maintain the appeal.”
That is the common sense view of the matter, because it cannot be doubted that Mrs. Collongues intended to bring herself before the appellate court in the capacity which would be necessary to maintain her appeal; and it is conceded by the appellees that she should have appealed in her individual capacity.
The motion to dismiss the appeal is overruled.